UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JAMES WESLEY HUNT, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | CAUSE NO. 2:07-CV-283 RM |
| JOHN J. WIDUP, *et al.*, | ) ) | |
| Defendants | ) ) | |

OPINION AND ORDER

James Hunt, a prisoner currently confined at the Lake County Jail, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Porter County Jail Warden John Widup and the United States Marshal violated his federally protected rights while he was confined at the Porter County Jail. He later filed an amended statement of claim which he asked the clerk to add to his pending case, and which the court will treat as a supplement to the original complaint. Finally, he filed a motion to amend in which he asks the court for leave to amend his complaint by interlineation to add Porter County Sheriff David Lain as a defendant.

Pursuant to 28 U.S.C. § 1915A(a), the court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b). Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, ___ U.S. ___, ___; 127 S.Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, 127 S.Ct. at 1965, citing Papasan v. Allain, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Mr. Hunt brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

The first, second, and third rhetorical paragraphs of both his complaint's statement of claim and his amended statement of claim deal with jail officials' surveillance of inmates by means of security cameras. Mr. Hunt states that the jail has cameras in the pod, some of which allow jail officials to watch inmates in the shower and restroom facilities. He states that the shower itself is screened but that the area in front of the shower "that allows officers unrestricted and prolonged viewing of nude inmates who have stepped out of the showers while drying off." (Statement of Claim at p. 3). Mr. Hunt alleges that female officers are allowed to watch him while showering and that he has been videotaped while showering. He alleges that he complained he complained to Warden Widup about violations of his "rights to Bodily Privacy" (statement of claim at pp. 5-6) because female custody officers could watch him when he stepped out of the shower.

Mr. Hunt's allegation that the jail's surveillance policies and practices violated his "right to bodily privacy" states no claim upon which relief can be granted.

> A prison shares none of the attributes of privacy of a home, an automobile, an office, or a hotel room. We strike the balance in favor of institutional security, which we have noted is central to all other corrections goals. A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order. We are satisfied that society would insist that the prisoner's expectation of privacy always yield to what must be considered the paramount interest in institutional security. We believe that it is accepted by our society that loss of freedom of choice and privacy are inherent incidents of confinement.

Hudson v. Palmer, 468 U.S. 517, 527 (1983) (citations, quotation marks, and brackets omitted).

That the jail may assign female officers to watch the security camera monitoring his cell or monitor the shower and restroom facilities also does not violate any right to privacy.

> Guards take control of where and how prisoners live; they do not retain any right of seclusion or secrecy against their captors, who are entitled to watch and regulate every detail of daily life. After Wolfish and Hudson, monitoring of naked prisoners is not only permissible . . . but also sometimes mandatory.
> * * *
> Surveillance of prisoners is essential, as Wolfish establishes. Observation of cells, showers, and toilets is less intrusive than the body-cavity inspections Wolfish held permissible. Guards do the surveillance. Male guards and female guards too . . ..
> * * *
> [F]emale guards . . . see male prisoners in states of undress. Frequently. Deliberately. Otherwise they are not doing their jobs.

Johnson v. Phelan, 69 F.3d 144, 146 (7th Cir. 1995).

In rhetorical paragraph nine of his original complaint's statement of claim and in rhetorical paragraph four of his amended statement of claim, Mr. Hunt alleges that jail officials violated the Fourteenth Amendment's equal protection clause because female officers and nurses had access to male housing areas, but male custody staff did not

directly supervise female inmates. Mr. Hunt alleges that this practice discriminated against male inmates because female inmates "are provided a measure of dignity." (Amended Statement of Claim at p. 14).

But assigning female officers to monitor male pretrial detainees while not assigning male officers to monitor female prisoners does not violate the equal protection clause. In Johnson v. Phelan, the plaintiff alleged, as does Mr. Hunt, that jail officials violated the Fourteenth Amendment's equal protection clause by allowing female guards to monitor male pretrial detainees' movement and see them naked in their cells, shower, and toilet, while not subjecting female prisoners to the same indignities. The United States Court of Appeals for the Seventh Circuit held that the district court "properly rejected Johnson's argument that different monitoring patterns in different cellblocks within the Jail violate the equal protection clause of the fourteenth amendment." Johnson v. Phelan, 69 F.3d at 145.

Mr. Hunt next submits a series of claims dealing with access to legal materials and the court. To establish a violation of the right to access to the courts, an inmate must establish that jail officials failed to provide the assistance required by Bounds v. Smith, 430 U.S. 817 (1977), and show that he suffered actual injury. Lewis v. Casey, 518 U.S. 343, 351 (1996) (holding that Bounds v. Smith did not eliminate the actual-injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts). The actual-injury requirement applies even in cases "involving substantial systematic deprivation of access to court," including the "total denial of access to a library," or "an *absolute* deprivation of access to all legal materials" Lewis v. Casey, 518 U.S. at 2181 n. 4 (emphasis

5

in original). Standing alone, delay and inconvenience do not rise to the level of a constitutional deficiency. Campbell v. Miller, 787 F.2d 217, 229 (7th Cir. 1986), *cert. denied*, 479 U.S. 1019 (1986).

In rhetorical paragraph four of his complaint's statement of claim, Mr. Hunt alleges that when he was at the Porter County Jail he had a pending civil rights claim and requested scribe materials and postage, but that jail officials only provided him with two sheets of paper and two stamped envelopes a week. If Porter County Jail officials routinely severely limit indigent prisoners' access to scribe materials and postage, they may eventually violate a prisoner's right of access to the courts. But they did not violate Mr. Hunt's federally protected rights because delay and inconvenience do not rise to the level of a constitutional deficiency, and he does not allege that he suffered any actual harm from receiving limited amounts of scribe materials and free postage while he was at the Porter County Jail.

In paragraph six of his original complaint, Mr. Hunt alleges that on August 6, 2007, and again the next day, he advised jail officials that he had a petition to proceed without prepayment of fees form that needed to be completed and signed by staff. He states that on August 7 he wrote to Warden Widup, "urging him to have his staff complete these forms." (Statement of Claim at p. 11). Mr. Hunt's petition to proceed without prepayment of fees establishes the jail staff completed his petition to proceed without prepayment of fees on or before August 21, 2007, because that is the date he signed it, (Docket #2), and it was received by the clerk's office on August 28. Delay and inconvenience do not rise to the level of a constitutional deficiency, Campbell v. Miller, 787 F.2d at 229, and that jail officials

processed Mr. Hunt's petition to proceed without prepayment of fees within a couple of weeks, instead of a couple of days, as he would have preferred, states no claim upon which relief can be granted.

In rhetorical paragraph eight of his original complaint's statement of claim, Mr. Hunt alleges that on August 8, 2007, he filed a grievance requesting copies of exhibits for this lawsuit but that Captain Taylor denied his request, causing him considerable delay and inconvenience in obtaining copies of his exhibits. He states that he was able to obtain the materials necessary to duplicate the exhibits by trading with other inmates.

The Federal Rules of Civil Procedure do not require exhibits to accompany the filing of a complaint. Fed R. Civ. P. 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Mr. Hunt could have filed his complaint without exhibits and provided exhibits later if necessary. In any event, Mr. Hunt was able to obtain copies of the exhibits he wished to attach to his complaint. He signed his complaint on August 21, the clerk of this court received it on August 28, and he suffered no actual harm from the delay in obtaining copies of these documents.

In rhetorical paragraph ten of his complaint's statement of claim, Mr. Hunt alleges that the jail does not have an adequate law library. But there is no "abstract, freestanding right to a law library . . . [and] . . . an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Lewis v. Casey, 518 U.S. at 343. That Mr. Hunt may have been delayed in filing his complaint states no claim upon which relief can be granted. Mr. Hunt does not assert that he suffered any actual harm, and he was able to file his complaint before he left the Porter County Jail.

Finally, Mr. Hunt submits a series of claims seeking damages for conditions of confinement he endured at the Porter County Jail while he was held there as a federal pretrial detainee. The Eighth Amendment protects convicted prisoners from cruel and unusual punishments. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, *Id.* at 535 n. 16. But "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." Martin v. Tyson, 845 F.2d at 1457. A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991).

In Martin v. Tyson, 845 F.2d 1451, 1457 (7th Cir. 1988), a pretrial detainee protested jail conditions. The court observed that "the conditions at the Marshall County Jail may be far from ideal. But again, the Marshall County Jail is a small, rural jail, and jails do not have to duplicate the amenities of small, rural hotels. In order to make out a claim under 42 U.S.C. § 1983, Martin must show that intentional actions of the defendants served to deprive him of a constitutional right. He has not been Constitutionally harmed here." *Id.* at 1457 (citations omitted).

In rhetorical paragraph five of his complaint's statement of claim, Mr. Hunt alleges that prisoners are issued one uniform to wear for a week. But providing one uniform a week does not deprive the prisoner of the minimal civilized measure of life's necessities, and Mr. Hunt does not allege that he suffered any actual arm from this practice.

8

In paragraph six of his complaint's statement of claim and in paragraph six of his amended statement of claim, Mr. Hunt alleges that the jail does not provide indigent inmates with underwear. If jail officials did not provide underwear to an indigent prisoner who did not have his own, and the prisoner suffered actual harm, then it might state a claim upon which relief could be granted. But Mr. Hunt does not allege that he suffered any actual harm from this policy; indeed, he does not even allege that he was one of the inmates who may have gone without underwear. Mr. Hunt may not assert the rights of any other inmate who may have suffered actual harm from this policy because he lacks standing to do so. *See Elk Grove Unified School District v Newdow*, 542 U.S. 1, 12 (2004).

In paragraph seven of his complaint's statement of claim, Mr. Hunt asserts that the cells are inspected twice a day by jail officials, but that they do not inspect some common areas such as the shower or restroom area. He alleges that as a result, the walls and floors of these areas are dirty and strewn with trash. In paragraph eleven of his complaint's statement of claim, he alleges that the roof of the cellhouse leaks, "absolutely nothing is done to repair the roof," and that as a result, "it rains inside of the cell whenever it rains outside." (Statement of claim at p. 16). He states that custody officers do not insist that water on the floor being promptly mopped up, and that twice he "slipped in the water, getting up late at night to use the restroom or toilet, failing into a pool of water." (Statement of Claim at p. 17).

Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment.  McNeil v. Lane, 16 F.3d 123, 124 (7th Cir. 1994). "To state a claim under the Eighth Amendment, (a plaintiff) must, at minimum, allege facts sufficient to establish that the defendants possessed a total unconcern for (his)

welfare in the face of serious risks." *Id.* at 124 (citations omitted). That a jail roof may leak does not constitute obduracy and wantonness on the part of jail officials and "[s]lippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment." Reynolds v. Powell, 370 F.3d 1028, (10th Cir. 2004).

In paragraph seven of his amended statement of claim, Mr. Hunt asserts that Staph disease was a problem at the Porter County Jail while he was there. He further alleges that conditions the defendants tolerated at the jail may have made it more likely that Staph infection could spread from one inmate to another. The Constitution doesn't mandate comfortable prisons or jails, and "only those deprivations denying "'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. at 298, quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A plaintiff asserting an Eighth Amendment claim must show that objectively, the alleged deprivation was sufficiently serious to rise to the level of a Constitutional violation, and subjectively, that the defendant acted with deliberate indifference. Farmer v. Brennan, 511 U.S. at 834. Mr. Hunt alleges no actual harm from the conditions he complains of, and the conditions by themselves did not deprive him of the minimal civilized measure of life's necessities.

Mr. Hunt also alleges that the Porter County Jail does not provide adequate and effective treatment for inmates with Staph disease. But Mr. Hunt does not allege that he has Staph disease, and he may not assert the rights of any other inmate because he lacks standing to do so. See Elk Grove Unified School District v Newdow, 542 U.S. at 12.

In addition to jail officials, Mr. Hunt names the United States Marshal as a defendant. He asserts that the Marshal's Service "does not monitor this facility or routinely

10

speak to the federal inmates to learn of all the many problems. Therefore, the Marshal is accountable for what conditions federal inmates face at P.C.J." (Statement of claim at p. 18). Because United States Marshal does not act under color of state law, Mr. Hunt may not bring a § 1983 claim against him. But he may bring claims that persons acting under color of federal law violated his Constitutional rights in a Bivins Action. See Bivins v. Six Unknown Named Agents, 403 U.S. 388 (1971).

Section 1983 creates a cause of action for damages based on personal liability. Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir. 1986); Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir. 1983). The same is true of Bivins actions against federal officials. Ghandi v. Police Department of the City of Detroit, 747 F.2d 338 (6th Cir. 1984). A person cannot be held liable under § 1983 or in a Bivins action unless the person was personally involved in the alleged wrongdoing. The Marshal was not responsible for operating the Porter County Jail, and Mr. Hunt appears to rely on the doctrine of respondeat superior to hold him responsible for actions by jail officials stating that he should have known of the conditions at the Porter County Jail. But the doctrine of *respondeat superior*, under which a person may be held liable for his subordinates' actions, has no application to § 1983 or Bivins actions. Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993); Ghandi v. Police Department of the City of Detroit, 747 F.2d at 344.

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b), the court DISMISSES this complaint and DIRECTS the clerk to close this case. Because the court is dismissing the complaint, it DENIES the plaintiff's motion to amend the complaint to add Sheriff David Lain as a defendant.

SO ORDERED.

ENTERED: November   28  , 2007

          /s/ Robert L. Miller, Jr.
         Chief Judge
         United States District Court